UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN K. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-2062 |
| ) | |
| COLES COUNTY JAIL, et. al., ) | |
| ) | |
| Defendants ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The Court dismissed Plaintiff's original complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See* September 11, 2017 Merit Review Order. The Plaintiff had not clearly identified his intended claims, he was attempting to combine several unrelated claims against different defendants in one lawsuit, and most, if not all, of his claims were barred by the two year statute of limitations period. *See* September 11, 2017 Merit Review Order.

Plaintiff's complaint included "extensive detail concerning a litany of problems he encountered during his stay at the Coles County Jail as a pretrial detainee from June 13, 2014 to October 1, 2014 and from November 16, 2014 to March 17, 2015." September 11, 2017 Merit Review Order, p. 1-2. However, the Court did not receive Plaintiff's complaint until March 20, 2017. *See Houston v Lack*, 487 U.S. 266 (1988)(establishing mailbox rule for prisoner filings); *Smith v. Asghar*, 114 Fed.Appx. 222, 223–24 (7th Cir. 2004) (pro se prisoners complaint filed on the date it was delivered to prison officials).

1

While it was unclear if Plaintiff had exhausted his administrative remedies for any of his claims, the Court noted "even if Plaintiff was prevented from filing grievances or he never received a response to any grievance, the statute of limitations period began to run at the very latest when Plaintiff was transferred to the Illinois Department of Corrections (IDOC) on March 17, 2015." September 11, 2017 Merit Review Order, p. 6; *citing Merritte v. Lasalle County Sherriff's Office*, 2015 WL 8986857, at *7–8 (N.D.Ill. Dec. 16,, 2015)(once plaintiff moved out of the jail, "the two-year statute of limitations began to run because (plaintiff) clearly was not going to receive a response to his grievances from the Defendants when he was no longer housed there."); *Diaz-Guillen v. Vieregge*, 2017 WL 2645624, at *2 (S.D.Ill. July 30, 2017)(once plaintiff was moved out of jail ant into "IDOC custody, he clearly was not going to receive a response to any grievances he may have filed. As such, the two-year statute of limitations period began to run.").

Since Plaintiff filed his complaint on March 15, 2017, any events which occurred prior to March 15, 2015 were time barred. Therefore, Plaintiff's claims were limited to a two day period before he was transferred to IDOC on March 17, 2015. In addition, the Court noted if the Defendants could demonstrate Plaintiff completed the grievance process earlier, all of his claims would be time barred. *See* September 11, 2017 Merit Review Order.

Nonetheless, if Plaintiff still believed he could state a constitutional violation within this time frame, he was given the option to file an amended complaint "limited to those claims." September 11, 2017 Merit Review Order, p. 7. Plaintiff was also given specific instructions to follow. However, if the pro se Plaintiff believed all his claims

2

were time-barred, he was given the option to voluntarily dismiss his case and the Court would waive the filing fee.

Plaintiff chose to file a motion for leave to amend his complaint. [15]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. *See* Fed.R.Civ.P. 15.

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has wholly ignored the Court's directions in his amended complaint. He continues to combine unrelated claims alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213; the Rehabilitation Act, 29 U.S.C. §§ 794–94e; deliberate indifference to a serious medical condition; unconstitutional conditions of confinement; excessive force; etc. More important, Plaintiff again alleges incidents that happened outside the two year statute of limitations period.

Plaintiff repeatedly refers to specific events which occurred in 2014. (Amd. Comp., p. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27). However, Plaintiff's only mention of 2015 is his blanket statement that he was denied mental health care throughout his incarceration. (Amd. Comp., p. 19-20). Given that Plaintiff is

3

an experienced litigator[1] and the Court specifically advised him of the deficiencies in his original complaint, Plaintiff's amended complaint does not clearly allege any incidents within the statute of limitations period.

Therefore, Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted and for failure to follow the Court's orders. Since Plaintiff has failed to state a claim upon which relief can be granted, the dismissal will count as a strike pursuant to 28 U.S.C. Section 1915(g). *See Jones v. Bock,* 127 S.Ct. 910, 920–21 (2007); *Turner v. Wisconsin Dept. of Corrections*, 2015 WL 3495497, at *2 (W.D.Wis. June 3, 2015).

Judge-

Also, since filing his original complaint, Plaintiff has now accumulated three strikes pursuant to 28 U.S.C. §1915(g). *See Adams v Bower,* Case No. 17-2061 (9/21/17 strike); *Adams v Acevado*, Case No. 16-1389 (4/19/17 strike); *Adams v. Tillis*, Case No. 16-2233 (11/8/16 strike). This statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

---

[1] *See Adams v Bower,* Case No. 17-2061; *Adams v Coogan*, Case No. 10-3068; *Adams v Acevado*, Case No. 16-1389; *Adams v. Tillis*, Case No. 16-2233; and *Adams v Duncan,* Case. No. 11-1311 in the Central District of Illinois; *Adams v. ARB*, Case No. 16-50029 in the Northern District of Illinois; *Adams v Brock*, Case No. 08-270, in the Northern District of Indiana; and *Adams v Snyder*, Case No. 04-869; *Adams v Snyder*, Case No. 07-593 in the Southern District of Illinois.

4

Therefore, Plaintiff is admonished in any future litigation concerning prison conditions in which he seeks leave to proceed in forma pauperis, Plaintiff MUST inform the Court of his three strikes status pursuant to §1915(g). "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999).

The Court also notes this is not the first time Plaintiff has filed a complaint alleging the same or similar allegations concerning his stay at the Coles County Jail from June 13, 2014 to March 17, 2015. *See Adams v Bower,* Case No. 17-206; *Adams v. Tillis*, Case No. 16-2233. Plaintiff is further admonished if he continues to file multiple lawsuits repeating these allegations, he could face sanctions up to and including an order that all papers he tenders to the Clerk of the Court be returned unfiled until he pays all outstanding fees in all civil actions he has filed. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted. [15].

2) Plaintiff's amended complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915A and for failure to follow Court orders. This case is closed. All pending motions are denied as moot. [16, status].

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to

record the Plaintiff's strike in the three-strike log and note Plaintiff now has three strikes.

4) In any future litigation concerning prison conditions in which Plaintiff seeks leave to proceed in forma pauperis, Plaintiff MUST inform the Court in writing of his three strikes status pursuant to §1915(g).

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

6) If Plaintiff continues to file multiple lawsuits repeating allegations, he could face sanctions up to and including an order that all papers he tenders to the Clerk of the Court be returned unfiled until he pays all outstanding fees in all civil actions he has filed.

ENTERED this 4th day of December, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE